IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



| | | |
|---|---|---|
| MELINDA J. TRIGG | § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION: 4:01CV4 |
| LEWISVILLE INDEPENDENT SCHOOL DISTRICT and DR. CLAYTON W. DOWNING | § § § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Melinda J. Trigg ("Trigg"), Plaintiff, complains of Lewisville Independent School District ("LISD") and Dr. Clayton W. Downing, Defendants, and for cause of action would show the Court as follows:

### PARTIES

1. Dr. Clayton W. Downing, Defendant, is superintendent of schools for Lewisville Independent School District and can be served at 1800 Timber Creek Road, Flower Mound, Denton County, Texas, 75028. Mr. Downing has been served and has appeared in this litigation.

2. The Lewisville Independent School District may also be served at 1800 Timber Creek Road, Flower Mound, Denton County, Texas, 75028. LISD has been served and has appeared in this litigation.

### FACTUAL BACKGROUND

3. Prior to August 1999, Plaintiff worked as an intern for LISD. Plaintiff's internship

was a requirement for Plaintiff to obtain her Master's degree in family therapy. After Plaintiff completed her internship, her LISD supervisor wrote a report that gave Plaintiff the necessary recommendation to be given credit for the hours of internship work with Defendant LISD. Plaintiff started her internship in August 1995 and completed it in May 1996. The internship was part of Plaintiff's Master's program for her to obtain a degree in family therapy psychology. Plaintiff took time off to have a baby and then completed her "professional paper" to earn her master's degree in family therapy. Plaintiff received her Master's degree. After receiving her Master's degree, Plaintiff obtained her temporary licenses for both LMFT (Licensed Marriage and Family Therapist) and LPC (Licensed Professional Counselor).

4. In 1999, Defendant LISD advertised for a therapist as special education counselors. Since Plaintiff had her Master's Degree in counseling and temporary licenses, Plaintiff was qualified for such a position. With her temporary license, Plaintiff was required to work two thousand hours to obtain a permanent license as a Licensed Professional Counselor and a Licensed Marriage and Family Therapist. LISD had seven positions open for therapists as special education counselors and Plaintiff was qualified for each such position.

5. Plaintiff is blind. Plaintiff lost her eyesight in both eyes in 1983 and has been legally blind ever since.

6. In the summer of 1999, Plaintiff applied for the position of special education counselor at LISD. Plaintiff interviewed with LISD. Notwithstanding the fact that Plaintiff had previously worked as a counselor for LISD and received excellent recommendations as an intern and had her temporary license, Defendant LISD hired persons with less qualifications and/or no temporary licenses or hired persons who had similar qualifications but who had not worked a

year one practice with LISD.

7. Plaintiff applied for the job as counselor on June 11, 1999. She interviewed with LISD on July 16, 1999.

8. Plaintiff was not given a formal notice that she had not been hired by LISD. On August 4, 1999 Plaintiff was advised by LISD that all positions open had been filled. Plaintiff contacted the EEOC and prepared a charge questionnaire and returned it to the EEOC on November 8, 1999. A formal charge was prepared by the EEOC and signed by Plaintiff on January 6, 2000.

9. Plaintiff's formal charge of discrimination indicated that she wanted the charge filed with both the EEOC and the Texas Commission on Human Rights. Plaintiff signed the formal charge on January 6, 2000.

10. The EEOC prepared and mailed a right to sue letter to Plaintiff on August 29, 2000. Plaintiff filed suit in state court on November 30, 2000, within ninety days from her receipt of the right to sue notice from the EEOC.

## CAUSES OF ACTION

### AMERICAN WITH DISABILITIES ACT

11. Plaintiff is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12111(a). Despite her blindness, Plaintiff is an individual with a disability who can, with or without reasonable accommodation, perform the essential functions of the position of special education counselor. Plaintiff had in fact previously performed the position of special education counselor for LISD without accommodations during her internship.

12. Despite being qualified to perform the position of special education counselor, with

or without accommodation, LISD discriminated against Plaintiff by refusing to hire Plaintiff for such position and hiring persons with lesser or inferior qualifications to Plaintiff in violation of 42 U.S.C. § 12112.

13. As a result of Defendants' discriminatory actions, Plaintiff has been damaged. Plaintiff was not hired for the position of special education counselor and is not earning the salary that LISD would have paid. Furthermore, Plaintiff is not able to use the position of special education counselor to earn the 2000 hours of credit needed to obtain her permanent licenses as a licensed professional counselor or a licensed marriage and family therapist. Because Plaintiff is not able to use the forty hours a week she would have earned at LISD towards the 2000 hours required to obtain her license, Plaintiff has been required to open her own business and attempt to earn those hours herself. However, it will take Plaintiff years longer to obtain the requisite hours and may possibly cause Plaintiff to not be able to obtain her licenses within the time required by the State of Texas.

14. Due to Defendants' discrimination, Plaintiff seeks to recover all damages to which she is entitled to recover under the ADA, including the salary that she would have earned had she gotten the job as a special education counselor and damages due to the fact that she is not able to earn the hours of credit to be applied to her permanent licensing program. Plaintiff also seeks to recover damages for other compensable damages for mental anguish, emotional distress, and other out-of-pocket expenses incurred in her pursuit of her permanent licensing. Plaintiff also seeks to recover all attorneys' fees and pre and post judgment interest on her damages. Plaintiff also seeks to recover punitive damages.

## TEXAS LABOR CODE

15. Plaintiff suffers from a disability as that term is defined by Texas Labor Code § 21.002. Defendants' failure to hire Plaintiff discriminated against Plaintiff in violation of Texas Labor Code § 21.051. Defendants failed to hire Plaintiff when she was as or more qualified than other individuals hired by LISD. As a result of such discrimination, Plaintiff seeks all damages to which she is entitled to under the Texas Labor Code for Defendants' discriminatory conduct including all amounts she would have earned had she obtained the position as special education counselor, damages for the fact that Plaintiff is not able to timely earn the hours towards her permanent licensing, damages for the expenses Plaintiff has had to incur in attempting to pursue the hours on her own for her permanent license, other compensatory damages for mental anguish, emotional distress and other damages as allowed by Texas Labor Code, attorneys' fees and pre and post judgment interest. Plaintiff also seeks the recovery of punitive damages.

## PRAYER

16. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff Melinda J. Trigg requests that upon a trial of the merits this Court awards Plaintiff judgment against Defendants for wages lost as a result of this discrimination, front pay, compensable damages for mental anguish, and emotional distress, punitive damages, interest and attorneys' fees and all amounts previously prayed for and for such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

By: _____
KAREN K. FITZGERALD
State Bar No 11656750

KLEIMAN, LAWRENCE, BASKIND
& FITZGERALD, L.L.P.
4849 Greenville Avenue, Suite 1605
Dallas, Texas 75206
214.265.7400
214.265.7411 (Facsimile)

ATTORNEYS FOR PLAINTIFF MELINDA TRIGG

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's First Amended Complaint has been mailed, certified mail, return receipt requested and regular mail to the following on the 20th day of February, 2001:

Bruce Griggs
Strasburger & Price, L.L.P.
600 Congress Avenue, Suite 2600
Austin, Texas 78702

_____
Karen K. Fitzgerald